# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROBUTKA JUNIOR,<br><br>                                Plaintiff,<br>  vs.<br>DEPARTMENT OF JUSTICE,<br>                                Defendant. | CASE NO. 06CV0716 WQH (NLS)<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Dismiss. (Doc. # 27). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**BACKGROUND**

Peter Robutka Junior (Plaintiff) filed a civil complaint against the United States Department of Justice (Defendant) in the Superior Court of California in February of 2006. On April 4, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. (Doc. # 1). Subsequently, Defendant moved to dismiss the complaint for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to comply with the administrative claims requirement of the Federal Tort Claims Act (FTCA). (Doc. # 7). On August 2, 2006, the Court dismissed the complaint with leave to amend. (Doc. # 14).

On August 15, 2006, Plaintiff filed a First Amended Complaint, and Defendant again moved to dismiss for failure to comply with the pleading requirements of Rule 8 and the administrative claims

requirement of the FTCA. (Docs. # 16, 18-19).  On November 9, 2006, the Court granted the motion to dismiss as it had done previously, because the First Amended Complaint failed to meet the requirements of Rule 8 and the FTCA.  (Doc. # 24).  In its order of November 9, 2006, the Court outlined the specific problems with the First Amended Complaint, and again granted Plaintiff leave to amend.

On November 21, 2006, Plaintiff filed a Second Amended Complaint (SAC).  (Doc. # 25).  The SAC appears to allege theft, vandalism, and other wrongdoing by the Federal Bureau of Investigation, and seeks monetary relief in the amount of $800,000,000 plus interest, as well as an order preventing continued contact between Plaintiff and Defendant.  (SAC, ¶¶ 2-6).  Plaintiff also seeks return of any of his property remaining in the Defendant's possession.  (SAC, ¶ 9(1)).  On December 1, 2006, Defendant moved to dismiss the SAC for failure to comply with the requirements Rule 8 and the FTCA.  (Doc. #27).  Defendant seeks dismissal of the SAC with prejudice. (Doc. # 27).

**LEGAL STANDARDS**

FED. R. CIV. P. 8 requires a complaint to contain "a short and plain statement" of the grounds for the court's jurisdiction and of the claim for relief. FED. R. CIV. P. 8(a). "The Federal Rules adopt a flexible pleading policy; however every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly." *Rasidescu v. Midland Credit Management, Inc.,* 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006).  When dealing with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt."  *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted).  However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support his claims."  *Rasidescu,* 435 F. Supp. 2d at 1099.

In order for the Court to have subject matter jurisdiction over a tort claim against the United States, the FTCA requires a claimant to submit a claim to the appropriate federal agency before seeking judicial relief.  *See* 28 U.S.C. § 2675; *Jacobson v. U.S. ex rel. U.S. Postal Serv.*, 276 F. Supp. 2d 1106, 1108 (D. Nev. 2003) ("Under [the FTCA's claim presentment] rule, a district court is without subject matter jurisdiction over an FTCA action unless the plaintiff first presented the claim to the appropriate Federal agency); *see also Alfrey v. U.S.*, 276 F.3d 557, 707 (9th Cir. 1998) ("The FTCA's

waiver of sovereign immunity is strictly construed in favor of the sovereign, and we may not enlarge its waiver beyond what the statute requires."). Specifically, a plaintiff bringing suit against a federal agency in district court must show that he has previously filed with the agency "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002).

## DISCUSSION

**A. COMPLIANCE WITH PLEADING REQUIREMENTS**

Defendant alleges that Plaintiff's SAC violates Rule 8 because it does not include "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), but instead is confusing and "difficult, if not impossible" to answer. (Def.'s Mem. Supp. Mot. Dismiss at 4).

After reviewing the SAC, it is not clear what wrong Plaintiff alleges Defendant to have committed. Although the SAC is captioned as a claim for "Professional Negligence - Illegal Malpractice," Plaintiff does not use these terms in the body of complaint, nor does he explain what those terms mean. (SAC, ¶¶ 1-4). The allegation that seems closest to negligence or malpractice is Plaintiff's assertion of "the Department of Justice Failure to Exercise the right, power, or authority to administer justice by hearing and determining controversies over the Act of Theft that occurred."[1] (SAC, ¶ 9). However this allegation is not supported or elaborated by any other allegation, and it is not clear what was stolen, where the incident took place, or if or how the Defendant was notified of it.

In a different portion of the SAC, plaintiff does allege that he talked to the "Duty Agent of Federal Bureau of Investigation San Diego Division concerning items stolen," and was denied "passage into the House located at 1759 Lemon Grove ave., Lemon Grove California 91945 to obtain his property." (SAC, ¶ 2). However, the subsequent paragraph states:

> The Plaintiff Alleges during discussion May 2001 with FBI Special Agent Dave Eaton and Special Agent Drew Bedell. That during this discussion Special Agent Dave Eaton made claim that he is tried of answering for this Event. Plaintiff made claim that these are your people Special Agent Dave Eaton involved. The Plaintiff Alleges Special Agent Drew Bedel was/is the investigator of The Truth. Special Agent Dave Eaton gave Mister Peter Robutka Junior permission to obtain his property. (SAC, ¶ 3).

---

[1] In all quotes throughout this order, Plaintiff's grammar, punctuation and spelling are reproduced as they appear in the Second Amended Complaint.

While this paragraph is unclear, it seems to indicate that Plaintiff was given permission to retrieve property that was previously withheld from him. Later in the complaint, however, Plaintiff indicates that there have been "No Deliveries of Property" to him. (SAC, ¶ 8(1)). Plaintiff does not clearly associate this allegation with the reference to the "Act of Theft" in paragraph nine, and gives no details about the nature of the property withheld, when he initially lost possession of the property, the circumstances under which the property was taken, or how the FBI was involved.

"While Rule 8(a)(2) does not require plaintiffs to lay out in detail the facts upon which their claims are based, it does require plaintiffs to provide a short and plain statement of the claim to give the defendants fair notice of what the claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005), *citing Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Here, despite the liberal pleading standards under which pro se litigants are evaluated, Plaintiff's allegations regarding the alleged theft and missing property are too vague to give Defendant fair notice of the claim.

The SAC lists several court cases in which Plaintiff is or has been involved, but all of the cases involve parties other than Defendant, and Plaintiff supplies no allegations which establish a connection between those cases and the Defendant here. The following paragraph is representative:

> The Plaintiff Alleges Ruling in Civil Action GIE030942 Robutka Junior vs. County of San Diego., Judge Sturgeons Ruled to The County of San Diego, The Superior Court of California does not want to hear any more about this complaint being vague, ambiguous and uncertain on face and fails to state a cause of action against the County. The Ruling is [Y]ou the Public and County of San Diego have/are/is Vandalizing Mister Peter Robutka Junior. The Ruling is [Y]ou the Public and County of San Diego is Paying. The Ruling and New Discoveries did not warren the old Civil Complaint to continuo. Petitioner asks for a Ruling to include this Ruling within the Department of Justice for their interactions with The Public and County of San Diego. (SAC, ¶ 4).

Plaintiff discusses additional cases involving "Spring Gardens Apartments" (SAC, ¶ 5), "Red Lion Hotel Corporation" (SAC, ¶ 7), and "Kellers" (SAC, ¶ 8). After reviewing the entirety of the SAC, it is impossible to ascertain the underlying causes of action in the alleged court cases, Defendant's relationship to those cases, or any jurisdiction this Court may have over the matters from the allegations provided.

The remaining allegations of the SAC are also unclear. They include allegations of "a continuation of Vandalism to Peter Robtuka Junior" (SAC, ¶ 8.(1)), and that "the surgeon will not be

able to perform surgery on the Lungs as per the CT and PET scans." (SAC, ¶ 8(3)). None of the allegations are supported by sufficient information to allow the Court or the Defendant to identify any cognizable cause of action. For that reason, as well as for those stated above, the Court concludes that the SAC fails to comply with Rule 8 because it is "confusing, distracting, ambiguous, and unintelligible," *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980), and does not afford Defendant fair notice of any claim upon which relief can be granted.

**B. JURISDICTION**

In addition to moving for dismissal for failure to comply with Rule 8, Defendant contends that the Court lacks subject matter jurisdiction because Plaintiff has failed to comply with the administrative claim requirement of the FTCA. (Def.'s Mem. Supp. Mot. Dismiss at 6). In its order of November 9, 2006, this Court specifically directed Plaintiff to address the FTCA's administrative claim requirement if he elected to file a Second Amended Complaint. (Doc. # 24 at 5). Plaintiff, however, has not done so.

The paragraph in the SAC which seems most aimed at addressing the FTCA's administrative claim requirement reads:

> The Plaintiff Alleges filing of Preliminary Complaint per 28 U.S.C. 2675(a)., gives the Defendant "fair notice of the basics for petitioner's claim'., Six month to denial or accept. Forthwith., a delay over Six months in making a decision to denial., by default. The Defendant(s) "fair notice of the basics for petitioner's claim"., is having 60 day's to answer the petitioners Civil Action complaint (others only have 30 day's of fair notification of basics...)., satisfies rule 8 per | Order page (3) dated November09, 2006., gives the court jurisdiction to this matter. (SAC, ¶ 1).

This paragraph is not clear. While it cites the FTCA, it does not clearly allege the filing of an administrative claim. Though the phrase "Preliminary Complaint per 28 U.S.C. 2675(a)" could be construed to mean an administrative complaint, the later references in the same paragraph to the "Civil Action complaint" and Rule 8 could also indicate that Plaintiff is simply referring to the initial complaint in this case. Rather than clarifying the issue, Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint confuses it further. While Plaintiff's Opposition quotes extensively from the text of the FTCA, it does not allege that Plaintiff has complied with the FTCA's provisions. (Pl.'s Opp'n. at 2-4). In fact, Plaintiff's Opposition seems to allege that the individuals he dealt with were not acting within the scope of their employment with Defendant when

any wrongs were committed, stating:

> Plaintiff Alleges "HAD" the Defendant(s) been within Scope of their office or employment., Plaintiff would of never had to file a Civil Action., enter a Court., never of had too..., issued Materials/Personal/Real Property would be in the Livelihood of Mister Robutka Junior. (Pl.'s Opp'n. at 8.)

Because the FTCA applies only to federal employees acting within the scope of their employment, this allegation seems to indicate that Plaintiff does not believe the FTCA should apply. 28 U.S.C. § 1346(b)(1). If the FTCA does not apply, the Court has no jurisdiction to hear Plaintiff's claim for money damages. *See* 28 U.S.C. § 2675; *Jacobson*, 276 F. Supp. 2d at 1108.

Interpreted liberally, Plaintiff's Opposition attempts another basis for jurisdiction, citing 28 U.S.C. § 1361 in relation to his claim for return of property. (Pl.'s Opp'n. at 12). However, the mandamus statute does not by itself constitute a waiver of the government's sovereign immunity. *Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999) ("The immediate obstacle to this contention is the sovereign immunity of the United States. That immunity has not been waived by the mandamus statute, 28 U.S.C. § 1361."). Thus, without more, Plaintiff's invocation of the mandamus statute is insufficient to establish the Court's jurisdiction in this matter.

## CONCLUSION

When a complaint fails to comply with Rule 8, a plaintiff should be given at least one opportunity to amend it. *Bertucelli v. Carreras*, 467 F.2d 214, 215-16 (9th Cir. 1972). However, dismissal without leave to amend can be appropriate under Rule 8 where the "complaint, though a Second Amended Complaint, is so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965). Plaintiff has had two opportunities to amend his complaint, and yet he has still failed to meet the liberal notice pleading requirements of Rule 8. Additionally, despite the Court's specific instruction, Plaintiff has failed to show that his claim falls within the FTCA or to establish a viable alternate basis for jurisdiction. For those reasons,

/

/

/

1   **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. # 27) is

2   **GRANTED** with prejudice.  This action is dismissed in its entirety.

3   DATED:  April 18, 2007

                                                **WILLIAM Q. HAYES**
                                                United States District Judge